# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.L., a minor, by and through his parent and guardian, WILLIAM LOZANO, individually and on behalf of all others similarly situated, | CASE NO. 8:23-cv-01078 FWS (KESx) |
| Plaintiff, | **[PROPOSED] PROTECTIVE ORDER** |
| vs. | |
| ORANGE UNIFIED SCHOOL DISTRICT, *et al.* | |
| Defendants. | |

Plaintiff T.L. ("Plaintiff") and Defendants Orange County Unified School District, Ernest Gonzalez, Craig Abercrombie, Greg Smith, Nora Alvarez, Heriberto Angel, David Rivera, Adan Garcia, Brenda Ochoa, and Ann Vandercook ("Defendants") stipulate to and request that the Court enter the following Stipulated Protective Order, consistent with the standard form for the United States District Court Central District of California:

## 1. **PURPOSES AND LIMITATIONS**

### A. PURPOSES AND LIMITATIONS

Discovery in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation maybe warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file Confidential Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

### B.  GOOD CAUSE STATEMENT

This action is likely to include private, personal individual information of minor students, including non-party minor students, and other individuals.  This information may include, *inter alia*,  names of minor children, social security or taxpayer-identification numbers; financial account numbers; Education Records,

Pupil Records, and Directory Information (defined below); minor students' allegations of sexual harassment or other conduct against other students; healthcare information of the minor Plaintiff; and other confidential information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of certain disputes over confidentiality of discovery materials, to protect information the parties are entitled to keep confidential, to ensure the parties are permitted reasonably necessary uses of such material in preparation for trial, and to address the information in its handling during litigation and serve the ends of justice, a protective order for such information is justified in this matter. Information will not be designated as confidential for tactical reasons and nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. <u>DEFINITIONS</u>

2.1     <u>Action:</u>  The action is this federal lawsuit, Case No. 8:23-cv-01078 FWS KESx.

2.2 <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4  Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    <u>Non-Party:</u> any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record:</u> attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    <u>Party:</u> any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and counsel (and their support staff).

2.12 <u>Producing Party:</u> A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    <u>Receiving Party:</u> A Party that receives Disclosure or Discovery Material from a Producing Party.

2.16    <u>Education Record:</u>  This term has the meaning set forth in 20 USCS § 1232g and 34 CFR 99.3.

2.17   <u>Pupil Record</u>: This term has the meaning set forth in Cal. Ed. Code § 49061(b).

2.18   <u>Directory Information</u>: This term has the meaning set forth in Cal. Ed. Code § 49061(c).

## 3.  <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted from Protected Material; all copies, excerpts, summaries, or compilations of Protected Material; and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## 4.  <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal  of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of

time pursuant to applicable law. The parties further agree that prior to trial they will seek court guidance on trial and post-trial procedures regarding Protected Material, and reserve the right to request that the court end the duration of this Protective Order at any time after trial.

## 5.      DESIGNATING PROTECTED MATERIAL

      5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber the case-development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must

promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)  For information in documentary form (for example, paper or electronic documents but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix at a minimum the legend "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the

"CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

(b)  For testimony given in deposition proceedings by non-minor deponents, including transcripts and video recordings thereof, the following provisions apply.

i.    Prior to the close of the deposition, if any Deponent, Counsel for the Deponent, or Party believes the deposition testimony contains Protected Material they must state such on the record.

ii.    If so, the deposition testimony and the transcripts and video recordings thereof shall be treated as Confidential under this Order for a period of 21 days after the receipt of the final transcript to allow time for the Deponent, or Counsel for the Deponent, and/or any Party to notify all Parties of any Protected Material contained therein.  Such Protected Material contained in deposition testimony must be designated by any Party, Deponent, or Counsel for the Deponent within 21 days of the receipt of the final deposition transcript, by page and line number, and via written correspondence to all parties.

iii.    Any testimony not so designated by a Deponent, Counsel for the Deponent, and/or Party within this timeframe is presumed non-confidential and the provisional confidential designation is automatically removed at the expiration

of the 21 days.

iv.    Only testimony designated Confidential within this 21 day time period shall retain its status as Confidential.  All storage media containing Confidential testimony must be marked "Confidential."  The court reporter must affix the legend "CONFIDENTIAL" at the bottom of transcript pages containing information designated as Confidential, pursuant to the page and line designations identified by the Deponent, Counsel for the Deponent, and/or Party designating the testimony as Confidential. If only a portion of the material on a page qualifies for protection, the designating party or person also must clearly identify the confidential portion(s) (*e.g.,* by making appropriate markings in the margins, but not over text).

v.    If any Deponent, Counsel for a Deponent, and/or Party disputes whether the testimony designated Confidential by a Deponent, Counsel for a Deponent, and/or Party is Confidential under this Order, the challenge provisions set forth in this Order (Section 6), L.R. 37.1, and any other applicable orders or standing orders of the Court govern that dispute.

(c)  For testimony given in deposition proceedings by minor deponents, including transcripts and video recordings thereof, the following provisions apply.

i.    Prior to the close of the deposition, the Deponent, any Counsel for the Deponent, and the Parties shall discuss what deposition testimony and

information they believe is Confidential.  If there is agreement amongst those individuals as to that designation, the transcript and associated media shall be so marked by the Court Reporter.

ii.     If there is disagreement as to what information and testimony is Confidential, the transcript and associated media shall be provisionally marked as Confidential pending either agreement amongst the Deponent, Counsel for the Deponent, and/or the Parties, Court resolution of the dispute, or Court Order.

iii.     Whomever is advocating for greater Confidentiality designations, whether the Deponent, Counsel for the Deponent, or a Party, shall serve a meet-and-confer letter pursuant to Section 6 of this Order, and L.R. 37.1, within 14 days after receipt of the final deposition transcript.

iv.     Section 6 of this Order, Local Rule 37.1, and any other applicable orders and standing orders of the Court apply to the subsequent dispute.

(d)  For information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) in such a way that does not interfere with the viewing of the evidence.

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer:  The Challenging Party shall initiate the dispute-resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1, et seq. or follow the procedures for informal, telephonic discovery hearings on the court's website.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (for example, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to

which it is entitled under the Producing Party's designation until the Court rules on

the challenge.

## 7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>:  A Receiving Party may use Protected Material that

is disclosed or produced by another Party or by a Nonparty in connection with this

Action only for prosecuting, defending, or attempting to settle this Action.  Such

Protected Material may be disclosed only to the categories of people and under the

conditions described in this Order. When the Action has been terminated, a

Receiving Party must comply with the provisions of Section 13 below (FINAL

DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a

location and in a secure manner that ensures that access is limited to the people

authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>:  Unless

otherwise ordered by the Court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated

"CONFIDENTIAL" only to the following people:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well

as employees of said Outside Counsel of Record to whom it is reasonably

necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party, including associated personnel necessary to assist Experts in these proceedings, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff;

(f)  litigation support services, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  any actual or potential witness in the action who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) and to whom disclosure is reasonably necessary;

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions or appointed by the Court, including their secretarial and clerical personnel, provided

that a company representative for the mediator or arbitrator has signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);(j)  any other person to whom the Producing Party has consented to disclosure in advance and in writing.

(k) <u>Disclosure to the Government</u>. Notwithstanding this Order or any confidentiality designations under it, any Party may disclose relevant information to any regulatory or law enforcement agency or government entity that has an interest in the subject matter of the underlying suit.

## 8.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification must include a copy of this Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued

by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.**    **A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

   9.1    NonParty Orange Unified School District Students

Plaintiff anticipates seeking the production of education records, pupil records and/or directory information of non-party minors/Orange Unified School District Students.  Defendant Orange Unified School District and the individual Defendants state that they cannot and will not voluntarily produce the education records, pupil records and/or directory information of non-party minors/Orange Unified School District Students.  If such a request is made by a Plaintiff's counsel for non-party minor/Orange Unified School District Student records, OUSD will reach out to the non-party minor/OUSD student and his/her parent to determine if

they consent to the production of the documents sought by Plaintiff.  Plaintiff need not seek this consent first, but has the election to do so.  Plaintiff may bring a motion with the Court pursuant to L.R. 37.1 and any applicable Court orders (including the Court's standing orders) to obtain the education records, pupil records and/or directory information of a non-party minor/OUSD student, and if such a motion is brought, OUSD shall notify the non-party minor/OUSD student of the request made by Plaintiff.  The non-party minor/OUSD student may authorize the production of the information sought, seek to have his/her counsel file their own opposition to preclude the obtainment of this information, or may request that the attorney for OUSD file opposition papers to preclude the production of the documents being sought.

9.2    Non-Parties other than non-party minors/Orange Unified School District students

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Order, the Receiving Party must immediately notify the Designating Party in writing of the unauthorized disclosures, use its best efforts to retrieve all unauthorized copies of the Protected Material, inform the person or people to whom unauthorized disclosures were made of the terms of this Order, and ask that person or people to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12.    MISCELLANEOUS

12.1    Right to Further Relief:  Nothing in this Order abridges the right of

any person to seek its modification by the Court.

  12.2 <u>Right to Accept Other Objections:</u> By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

  12.3 <u>Filing Protected Material:</u> A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 13. **<u>FINAL DISPOSITION</u>**

  After the final disposition of this Action, defined as the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time under applicable law, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this

subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, when appropriate) all the Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order.

//

//

//

//

//

//

14. Any violation of this Order may be punished by any and all appropriate

measure including, without limitation, contempt proceedings and/or monetary

sanctions.

**IT IS SO ORDERED.**

Dated: <u>December 4, 2023</u>

_Karen E. Scott_

HON. KAREN E. SCOTT
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| T.L., a minor, by and through his parent and guardian, WILLIAM LOZANO, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>vs.<br><br>ORANGE UNIFIED SCHOOL DISTRICT, *et al.*<br>             Defendants. | CASE NO. 8:23-cv-01078 FWS (KESx)<br><br>**EXHIBIT A TO PROTECTIVE PROTECTIVE ORDER** |

      I acknowledge that I have read and understand the Stipulated Protective Order entered in this action on _____, 20__, and agree to abide by its terms and conditions.

      Signed this _____ day of _____, 20__.

_____
Printed Name(s) of Bound Party/ies

_____
Signature of Bound Party/ies (If a minor, of parent or legal guardian)

[PROPOSED] PROTECTIVE ORDER
23

_____

Printed Name (If a minor, of parent or legal guardian)

_____

Relationship of Signor to Bound Party/ies

_____

Address

_____

Telephone Number