UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01078-FWS-KES                                                   Date: August 27, 2024
Title: T.L. v. Orange Unified School District, *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING UNOPPOSED MOTION AND PETITION FOR ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OF MINOR [95]**

Plaintiff T.L., a minor, ("Plaintiff"), by and through his parent and guardian, William Lozano ("Petitioner"), brings this case against Defendant Orange Unified School District ("OUSD"), several of its employees or agents—Defendant Ernest "Ernie" Gonzalez, Defendant Craig Abercrombie, Defendant Greg Smith, Defendant Nora Alvarez, Defendant Heriberto Angel, Defendant David Rivera, Defendant Ann Vandercook, Defendant Adan Garcia, and Defendant Brenda Ochoa—and A.B., a female student (collectively, "Defendants"). The parties have reached a settlement. (*See* Dkt. 91.) Before the court is Petitioner's Petition for Order Approving Compromise of Disputed Claim of Minor ("Petition" or "Pet."). (Dkt. 95.) The Petition is supported by the Declaration of Jessica H. Meeder, Plaintiff's counsel. (Dkt. 95-3 ("Meeder Declaration" or "Meeder Decl.").) No opposition to the Petition has been filed. (*See generally* Dkt.; *see* Pet. at 2 ("Defense counsel advised that they do not oppose this Motion.").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for August 29, 2024, is **VACATED** and off calendar. Based on the record, as applied to the applicable law, the unopposed Petition is **GRANTED.**

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES – GENERAL

Case No. 8:23-cv-01078-FWS-KES                                      Date: August 27, 2024
Title: T.L. v. Orange Unified School District, *et al.*

## I.      Factual and Procedural Background

The court described the facts of this case in detail in its Order Granting in Part and Denying in Part Defendants' Motions to Dismiss and Denying Plaintiff's Motion to Strike. (Dkt. 54.)  In short, in summary, Plaintiff "is a Latino Korean boy who at all relevant times was a 14year old freshman at [Canyon High School] in Orange County, California."  (Dkt. 68 (First Amended Complaint) at 1.)  He was suspended due to Defendants' allegation that he "sexually harassed and used force against female students at Canyon High during Semester 1 of the 2022/2023 school year" and referred for a Student Success Panel ("SSP") hearing.  (*Id.* ¶¶ 51, 58.)  The SSP "determined that [Plaintiff] was to be removed from CHS and transferred to Villa Park High School."  (*Id.* ¶ 80.)  Plaintiff alleges that Defendants violated his constitutional rights and federal and state law and asserts twelve claims for relief: (1) violation of Plaintiff's Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983; (2) violation of Plaintiff's Fourteenth Amendment equal protection rights pursuant to 42 U.S.C. § 1983; (3) violation of Plaintiff's Fourth Amendment right to be free from unlawful seizures pursuant to 42 U.S.C. § 1983; (4) violation of Plaintiff's First Amendment right to free speech pursuant to 42 U.S.C. § 1983; (5) violation of Plaintiff's First Amendment right to petition or be free from retaliation pursuant to 42 U.S.C. § 1983; (6) violation of Title IX, 20 U.S.C. § 1681 *et. seq.*; (7) negligence; (8) violation of Plaintiff's right to privacy under the California Constitution, art. 1, § I; (9) violation of the Bane Act, California Civil Code § 52.1; (10) false imprisonment; (11) defamation; and (12) non-consensual taping in violation of California Penal Code § 637.2.  (*Id.* ¶¶ 167-278.).

After conducting substantial discovery and motion practice, "[t]he parties agreed to an individual settlement of [Plaintiff]'s claims for a combination of monetary and equitable relief." (Pet. at 6.)  "The agreed-upon financial settlement is $100,000 in total," and the "agreed-upon equitable relief" includes OUSD's agreement "to effectuate written procedures for its Student Success Panel" and to revise Plaintiff's "student record regarding reference to the incident and the subsequent, related proceedings."  (*Id.* at 6-7, Ex. 1 ("Settlement Agreement").)  Pursuant to Plaintiff's retainer agreement with counsel, Plaintiff's counsel will receive 40% of Plaintiff's monetary recovery.  (*Id.* at 7.)  Plaintiff's counsel also seeks $17,023.08 in costs.  (*Id.* at 7-8.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01078-FWS-KES                                  Date: August 27, 2024
Title: T.L. v. Orange Unified School District, *et al.*

After deducting fees and costs from the settlement amount, the net distribution to Plaintiff will be $42,976.92. (*Id.* at 8.) Petitioner "requests that the Court order the disposition of the balance of the proceeds of the settlement ($42,976.92) be transferred to custodian William Lozano c/o May Jung LLP, 333 City Blvd. West, Suite 327, Orange, CA 92868, for the benefit of the minor under the California Uniform Transfers to Minors Act." (*Id.*)

**II.    Legal Standard and Analysis**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

District courts "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Robidoux*, 638 F.3d. at 1181-82 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.* at 1182; *see Frary v. Cnty. of Marin*, 2015 WL 575818, at *2 (N.D. Cal. Feb. 10, 2015) (explaining that the "*Robidoux* rule" applies to evaluation of "the propriety of a settlement of a minor's state law claims as well" as federal claims).

---

**CIVIL MINUTES – GENERAL**                                                                                3

|UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA|JS-6|
|---|---|

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-01078-FWS-KES　　　　　　　　　　　　Date: August 27, 2024
Title: T.L. v. Orange Unified School District, *et al.*

　　Having reviewed the Petition, the Settlement Agreement, the Meeder Declaration, the files and records of this case, and pursuant to the applicable law, the court finds the settlement is fair and reasonable and in Plaintiff's best interest. *See Robidoux*, 638 F.3d. at 1181-82. As noted, Plaintiff's net recovery if the settlement is approved will be $42,976.92, or approximately 43 percent of the settlement. (Pet. at 8.) The court finds this recovery is reasonable given the facts of this case, the nature of Plaintiff's claims, and recoveries in similar cases. *See Robidoux*, 638 F.3d. at 1181-82; *L.P. by & through Yamin B. v. Bella Mente Montessori Acad.*, 2023 WL 4908833, at *4 (S.D. Cal. Aug. 1, 2023), *report and recommendation adopted,* 2023 WL 11835242 (S.D. Cal. Aug. 8, 2023) ("Taking all relevant considerations into account, the Court finds that the proposed net recovery of $35,000 for Minor L.P. is fair, reasonable, and in Plaintiff's best interests, considering the facts and circumstances of this action," in which the plaintiff brought claims based on school's decision to "suspend[] and subsequently expel[ Plaintiff] for violating the student code of conduct."); *T.L. v. So. Kern Unified Sch. Dist.*, 2019 WL 3072583, at *3 (E.D. Cal. July 15, 2019) (approving settlement with net recovery of $24,750.00 for minor who was suspended, recommended for expulsion, and taken out of his regular classroom after altercation with another student); *see also E.S. v. Menifee Union Sch. Dist.*, 2022 WL 2903154, at *1-2 (C.D. Cal. Feb. 17, 2022) (approving settlement with net recovery of $60,000.00 in case where the plaintiff alleged "the District failed to recognize his disabilities, attempted to exclude him from the District, and failed to accommodate him"); *Vasquez by & through Garcia v. Richland Sch. Dist.*, 2021 WL 168343, at *1, *3 (E.D. Cal. Jan. 19, 2021) (approving settlement with net recovery of $37,651.66 in case where plaintiff alleged his teacher "engaged in inappropriate and aggressive conduct, including using inappropriate conduct towards students—including Plaintiff—by using threatening language, grabbing their arms, and squeezing their hands as punishment"). The court also notes that the method of payment is consistent with California law. *See* Cal. Prob. Code § 3611 ("In any case described in Section 3610, the court making the order or giving the judgment referred to in Section 3600 shall, upon application of counsel for the minor or person with a disability, order any one or more of the following: . . . If the remaining balance of the money and other property to be paid or delivered is to be paid or delivered for the benefit of the minor, that all or any part of the money and other property be transferred to a custodian for the benefit of the minor under the California Uniform Transfers to Minors Act, Part 9 (commencing with Section

| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |
|---|---|

**CIVIL MINUTES – GENERAL**

| Case No. 8:23-cv-01078-FWS-KES | Date: August 27, 2024 |
|---|---|
| Title: T.L. v. Orange Unified School District, *et al.* | |

3900)."). In sum, because the net relief to Plaintiff "is fair and reasonable in light of [Plaintiff's] claims and average recovery in similar cases," the court approves the settlement. *Robidoux*, 638 F.3d. at 1182.

### III.  Conclusion

For the foregoing reasons, the court **GRANTS** the unopposed Petition. From the total settlement amount of $100,000, $57,023.08 (which amount includes $40,000 in fees and $17,023.08 in costs) shall be disbursed to Plaintiff's counsel, May Jung LLP, and $42,976.92 shall be disbursed by one or more checks payable to William Lozano as custodian for T.L. These payments shall be completed by **October 28, 2024.** Upon payment of the settlement funds, Plaintiff shall file a notice of dismissal. This court will retain jurisdiction to enforce the terms of the Settlement Agreement until October 28, 2024.